Pellot v Tivat Realty LLC (2019 NY Slip Op 04665)





Pellot v Tivat Realty LLC


2019 NY Slip Op 04665


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9602N 22417/16E

[*1] Mildred Pellot, Plaintiff-Respondent,
v
Tivat Realty LLC, Defendant-Appellant.


Faust, Goetz, Schenker & Blee LLP, New York (Lisa De Lindsay of counsel), for appellant.
Trolman, Glaser, Corley & Lichtman, P.C., New York (Tina M. Wells of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered January 16, 2019, which denied defendant's motion to strike the complaint for plaintiff's failure to produce her Social Security records, and granted plaintiff's cross motion for a protective order barring disclosure of those records, unanimously affirmed, without costs.
Plaintiff seeks damages for injuries she sustained to her back in a slip and fall on defendant's premises. Although she was diagnosed at the age of 29 with early onset arthritis in her hands, for which she has since been receiving Social Security disability benefits, plaintiff does not seek damages for exacerbation of an injury.
The court providently exercised its discretion in denying defendant's motion to strike the complaint or, alternatively, to compel production of plaintiff's Social Security disability records from 30 years ago, and granting plaintiff's motion for a protective order, on the ground that defendant's request for the Social Security records was overly broad and unduly burdensome. By suing to recover for injuries to her back, plaintiff "did not place in issue her entire medical condition" (see Spencer v Willard J. Price Assoc., LLC, 155 AD3d 592, 592 [1st Dept 2017]).
The records the court ordered plaintiff to produce, related to her treatment for arthritis for the three years preceding the accident, which she timely complied with, are sufficient to defend against her allegations of limitations in activities of daily living and joint pain (compare Walters v Sallah, 109 AD3d 401, 402 [1st Dept 2013] [although plaintiff's records relating to arthritis and Social Security disability benefits were relevant to condition that plaintiff placed in controversy, because of "potentially tangential nature of the discovery involved," case was remanded to motion court to "limit the discovery to reasonable parameters, including as to time frame and relevant parts of the body"]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK